**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 25, 2009
Decided March 25, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2452

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-10125 |
| | |
| TERRANCE TERRELL DOTSON, | Michael M. Mihm, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

Terrance Dotson pleaded guilty to possessing crack cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). A straightforward application of the sentencing guidelines would have otherwise yielded an imprisonment range of 140 to 175 months, but the district court sentenced him to the 20-year statutory minimum triggered by the quantity of crack and his prior drug felony conviction, *see id.* § 841(b)(1)(A)(iii). Dotson filed a notice of appeal, but his appointed appellate counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Dotson to comment on counsel's motion, but he did not respond. *See* CIR. R. 51(b). We therefore address only the potential issues identified in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first contemplates challenging several aspects of the colloquy conducted by the district court before accepting Dotson's guilty plea. *See Fed. R. Crim. P.* 11(b). But Dotson has given no indication that he wishes to have his plea vacated, and, thus, we need not consider this potential argument. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel also considers arguing that Dotson's prison sentence is unreasonable, but because Dotson received the statutory minimum term, any such contention would be frivolous. *See United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.